1  COOLEY LLP
   THOMAS J. FRIEL, JR. (State Bar No. 80065)
2  (tfriel@cooley.com)
   101 California Street, 5th Floor
3  San Francisco, CA 94111-5800
   Telephone:   (415) 693-2000
4  Facsimile:   (415) 693-2222

5  JAMES P. BROGAN (State Bar No. 155906)
   (jbrogan@cooley.com)
6  SARAH J. GUSKE (State Bar No. 232467)
   (sguske@cooley.com)
7  380 Interlocken Crescent, Suite 900
   Broomfield, CO 80021-8023
8  Telephone:   (720) 566-4000
   Facsimile:   (720) 566-4099
9
   Attorneys for Defendants
10 OPLINK COMMUNICATIONS INC., and
   OPTICAL COMMUNICATION PRODUCTS, INC.
11

ORIGINAL FILED

MAY 13 2011

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

OPLINK COMMUNICATIONS, INC., a Delaware corporation, OPTICAL COMMUNICATION PRODUCTS, INC., a Delaware corporation,

   Plaintiffs,

   v.

FINISAR CORPORATION, a Delaware corporation

   Defendant.

Case No. CV11-02361 EMC

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENTS NOS. 6,439,918; 6,884,097; 6,908,323; 7,088,518; AND 7,255,484**

**DEMAND FOR JURY TRIAL**

Plaintiffs Oplink Communications, Inc. ("Oplink") and Optical Communication Products, Inc. ("OCP") (collectively "Plaintiffs") for their complaint against Defendant Finisar Corporation ("Finisar" or "Defendant") allege as follows:

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

COMPLAINT

## PARTIES

1. Plaintiff Oplink Communications, Inc. is a Delaware corporation with a principal place of business at 46335 Landing Parkway, Fremont, California 94538.

2. Plaintiff Optical Communication Products, Inc. is a Delaware corporation with a principal place of business at 46335 Landing Parkway, Fremont, California 94538.

3. On information and belief, Defendant Finisar Corporation is a Delaware corporation with its principal place of business at 1389 Moffett Drive, Sunnyvale, California 94089-1134.

## JURISDICTION AND VENUE

4. This is an action for a declaratory judgment of noninfringement of United States Patent Nos. 6,439,918 B1 ("the '918 patent"); 6,884,097 B2 ("the '097 patent); 6,908,323 B2 ("the '323 patent"); 7,088,518 B2 ("the '518 patent"); and 7,255,484 B2 ("the '484 patent") (collectively, the "Patents"). The action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, including Title 35, United States Code. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1338.

5. This Court has personal jurisdiction over Finisar because Finisar, a corporation, has a principal place of business in the State of California, conducts business in California and, as a result of this business, has continuous and systematic contacts with California.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Finisar, a corporation, has a principal place of business in this district, conducts business in this district, and is subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

7. This case is an Intellectual Property Action subject to district-wide assignment under Civil Local Rule 3-2(c).

## THE PATENTS

8. The '918 patent is entitled "Electronic Module Having an Integrated Latching Mechanism." The named inventors of the '918 patent are Chris Togami and Guy Newhouse. A true and correct copy of the '918 patent is attached hereto as Exhibit A.

9. The '097 patent is entitled "Transceiver Latch Mechanism." The named inventor of the '097 patent is Donald A. Ice. A true and correct copy of the '097 patent is attached hereto as Exhibit B.

10. The '323 patent is entitled "Transceiver Latch Mechanism." The named inventor of the '323 patent is Donald A. Ice. A true and correct copy of the '323 patent is attached hereto as Exhibit C.

11. The '518 patent is entitled "Bidirectional Optical Device." The named inventors of the '518 patent are Jimmy A. Tatum and James K. Guenter. A true and correct copy of the '518 patent is attached hereto as Exhibit D.

12. The '484 patent is entitled "Method and System for Releasing a Pluggable Device." The named inventors of the '484 patent are Harold Y. Walker, Jr. and Richard L. Bell. A true and correct copy of the '484 patent is attached hereto as Exhibit E.

13. All of the Patents are assigned to Finisar on their face and, on information and belief, Finisar purports to be the holder of all right, title, and interest in the Patents.

## EXISTENCE OF AN ACTUAL CONTROVERSY

14. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

15. On December 12, 2010, Finisar filed a complaint in this district alleging patent infringement of eleven different patents by Plaintiffs (the "California Action"). None of those patents are at issue here. Finisar alleged that its patents were infringed by Plaintiffs' optoelectronic transceivers. A true and correct copy of that complaint is attached hereto as Exhibit F.

16. On March 7, 2011, OCP filed a complaint in the Eastern District of Texas for patent infringement against Finisar alleging infringement of five patents owned by OCP (the "Texas Action"). OCP's patents in that case related to the design of lasers and their components, specifically Vertical-Cavity Surface Emitting Lasers ("VCSELs"). A true and correct copy of that complaint is attached hereto as Exhibit G.

17. On April 29, 2011, Finisar filed its Answer and Counterclaims against Plaintiffs in the Texas Action asserting infringement of the same Patents at issue here. Finisar's Counterclaims in the Texas Action alleged infringement by the same technology and products alleged to infringe in the California Action. A true and correct copy of Finisar's Answer and Counterclaims from the Texas Action is attached hereto as Exhibit H.

18. Based upon the above facts, there is an actual justiciable controversy concerning each of the Patents within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

### FIRST CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of the '918 Patent

19. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 18 in their entirety.

20. Finisar alleges in the Texas Action that Plaintiffs have been and are infringing under 35 U.S.C. § 271 one or more claims of the '918 patent by making, using, offering to sell, importing, and/or selling or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States electronic modules having an integrated latching mechanism that allegedly embody the patented invention, including without limitation certain SFP and SFP+ transceivers.

21. Plaintiffs manufacture transceivers that are advertised as "SFP" and "SFP+" that do not infringe any claim of the '918 patent.

22. There exists, therefore, an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between the Plaintiffs and Finisar with respect to the non-infringement of the claims of the '918 patent.

23. Absent a declaration of non-infringement, Finisar will continue to wrongfully allege infringement of the '918 patent against the Plaintiffs and thereby cause them irreparable injury and damage.

24. Accordingly, the Plaintiffs seek a judicial determination and declaration that the Plaintiffs do not infringe, induce infringement or contributorily infringe any claim of the '918 patent.

## SECOND CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of the '097 Patent

25. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 24 in their entirety.

26. Finisar alleges in the Texas Action that Plaintiffs have been and are infringing under 35 U.S.C. § 271 one or more claims of the '097 patent by making, using, offering to sell, importing, and/or selling or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States transceivers with latch mechanisms that allegedly embody the patented invention, including without limitation certain XFP transceivers.

27. Plaintiffs manufacture transceivers that are advertised as "XFP" that do not infringe any claim of the '097 patent.

28. There exists, therefore, an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between the Plaintiffs and Finisar with respect to the non-infringement of the claims of the '097 patent.

29. Absent a declaration of non-infringement, Finisar will continue to wrongfully allege infringement of the '097 patent against the Plaintiffs and thereby cause them irreparable injury and damage.

30. Accordingly, the Plaintiffs seek a judicial determination and declaration that the Plaintiffs do not infringe, induce infringement or contributorily infringe any claim of the '097 patent.

## THIRD CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of the '323 Patent

31. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 30 in their entirety.

32. Finisar alleges in the Texas Action that Plaintiffs have been and are infringing under 35 U.S.C. § 271 one or more claims of the '323 patent by making, using, offering to sell, importing, and/or selling or assisting, abetting, and encouraging others with making, using,

offering to sell, selling, and/or importing in and into the United States products that allegedly embody the patented invention, including without limitation certain XFP transceivers.

33. Plaintiffs manufacture transceivers that are advertised as "XFP" that do not infringe any claim of the '323 patent.

34. There exists, therefore, an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between the Plaintiffs and Finisar with respect to the non-infringement of the claims of the '323 patent.

35. Absent a declaration of non-infringement, Finisar will continue to wrongfully allege infringement of the '323 patent against the Plaintiffs and thereby cause them irreparable injury and damage.

36. Accordingly, the Plaintiffs seek a judicial determination and declaration that the Plaintiffs do not infringe, induce infringement or contributorily infringe any claim of the '323 patent.

## FOURTH CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of the '518 Patent

37. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 36 in their entirety.

38. Finisar alleges in the Texas Action that Plaintiffs have been and are infringing under 35 U.S.C. § 271 one or more claims of the '518 patent by making, using, offering to sell, importing, and/or selling or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States bidirectional optical devices that allegedly embody the patented invention, including without limitation certain BiDi transceivers.

39. Plaintiffs manufacture transceivers that are advertised as "BiDi" that do not infringe any claim of the '518 patent.

40. There exists, therefore, an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between the Plaintiffs and Finisar with respect to the non-infringement of the claims of the '518 patent.

41. Absent a declaration of non-infringement, Finisar will continue to wrongfully allege infringement of the '518 patent against the Plaintiffs and thereby cause them irreparable injury and damage.

42. Accordingly, the Plaintiffs seek a judicial determination and declaration that the Plaintiffs do not infringe, induce infringement or contributorily infringe any claim of the '518 patent.

### FIFTH CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of the '484 Patent

43. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 42 in their entirety.

44. Finisar alleges in the Texas Action that Plaintiffs have been and are infringing under 35 U.S.C. § 271 one or more claims of the '484 patent by making, using, offering to sell, importing, and/or selling or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States optoelectronic modules that allegedly embody the patented invention, including without limitation certain SFP transceivers.

45. Plaintiffs manufacture transceivers that are advertised as "SFP" that do not infringe any claim of the '484 patent.

46. There exists, therefore, an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between the Plaintiffs and Finisar with respect to the non-infringement of the claims of the '484 patent.

47. Absent a declaration of non-infringement, Finisar will continue to wrongfully allege infringement of the '484 patent against the Plaintiffs and thereby cause them irreparable injury and damage.

48. Accordingly, the Plaintiffs seek a judicial determination and declaration that the Plaintiffs do not infringe, induce infringement or contributorily infringe any claim of the '484 patent.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs Oplink Communications, Inc. and Optical Communication Products,

Inc. demand judgment against Defendant Finisar Corporation, and respectfully request that this Court enter the following Orders:

    A.    Declaring that the Plaintiffs do not infringe any claim of United States Patent No. 6,439,918 B1;

    B.    Declaring that the Plaintiffs do not infringe any claim of United States Patent No. 6,884,097 B2;

    C.    Declaring that the Plaintiffs do not infringe any claim of United States Patent No. 6,908,323 B2;

    D.    Declaring that the Plaintiffs do not infringe any claim of United States Patent No. 7,088,518 B2;

    E.    Declaring that the Plaintiffs do not infringe any claim of United States Patent No. 7,255,484 B2;

    F.    Declaring that Finisar and its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against each of the Plaintiffs claiming that the Patents are valid, enforceable, or infringed, or from representing that Plaintiffs' products and/or services infringe any of the Patents;

    G.    A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees and costs in connection with this case; and

    H.    Awarding Plaintiffs such other and further relief as this Court deems just and proper.

Dated: May 12, 2011

COOLEY LLP
THOMAS J. FRIEL, JR.
JAMES P. BROGAN
SARAH J. GUSKE

*/s/ James P. Brogan*

Attorneys for Plaintiffs
Oplink Communications, Inc. and
Optical Communication Products, Inc.