United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPLINK COMMUNICATIONS, INC., *et al.*, | No. C-11-2361 EMC |
| Plaintiffs, | |
| v. | **ORDER RE DEFENDANT'S MOTION TO DISMISS** |
| FINISAR CORPORATION, | |
| Defendant. | **(Docket No. 7)** |
| _____/ | |

## I. INTRODUCTION

Defendant Finisar Corporation's ("Finisar") motion to dismiss Plaintiff Oplink Communications' ("Oplink") declaratory judgment action came before the Court on August 12, 2011. Docket. No. 7. Oplink seeks declaratory judgment of non-infringement of five Finisar patents[1] under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States. Finisar argues that Oplink has waived and is precluded by res judicata from asserting the compulsory counterclaims that it failed to assert in its previously-filed answer to Finisar's patent infringement claims in Texas litigation between the parties. Having considered the parties' submissions and oral argument, the Court enters the following order.

---

[1] The patents are U.S. Patent No. 6,439,918, U.S. Patent No. 6,884,097, U.S. Patent No. 6,908,323, U.S. Patent No. 7,088,518, and U.S. Patent No. 7, 255,484. Finisar refers to these patents as the "Texas patents" in its motion to dismiss, and the Court will use the same reference here for convenience.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The parties are currently engaged in multiple litigation matters spanning two district courts. First, on December 10, 2010, Finisar filed suit in the Northern District of California ("NDCA") for patent infringement of eleven Finisar Patents not at issue here (769, 755, 021, 310, 531, 160, 668, 720, 886, 150, 154). These patents are related to the physical structure of optoelectric transceiver housing. As Finisar describes them, optoelectric transceivers "provide the electrical-to-optical and optical-to-electrical conversion required for modern communication over fiber optic cables." Docket No. 1-6 at 4. Finisar alleges that Oplink's optoelectric transceiver products, including SFP, SFP+, and XFP, are infringing on these patents. This case has been assigned to Judge Seeborg as of June 8, 2011. Case No. 3:10-cv-05617-RS.

On March 7, 2011, OCP, a subsidiary of Oplink, filed suit in the Eastern District of Texas ("EDTX") for patent infringement of five patents (622, 585, 065, 642, 736). Case No. 6:11-cv-104. These patents are related to Vertical-Cavity Surface Emitting Lasers (VCSELs), which are transmitters for optical fiber communications and can be used in products like computer mice and optical clocks that could in turn be used in GPS devices. *See* Texas Compl. ¶ 10, Docket No. 1-7 at 3 ¶ 10. Oplink asserts they are not related to the transceiver technology that is in litigation in NDCA. When Finisar filed its answer in EDTX on April 29, 2011, it included counterclaims against OCP and Oplink (as a third-party defendant) involving the transceiver technology. Finisar's counterclaim alleged infringement of five patents (918, 097, 323, 518, 484). Texas Docket No. 10. Four patents cover the latching mechanism for transceiver modules, and the fifth is a bidirectional optical device. Oplink's optoelectric transceiver products, including SFP, SFP+, and XFP, are allegedly infringing these patents. On May 12, 2011, Oplink filed a motion to sever Finisar's counterclaims and transfer them to the Northern District to be consolidated with the matter before Judge Seeborg (and, ultimately, the present case as well). Texas Docket No. 16. It also filed an answer to Finisar's counterclaims on the same day. Texas Docket No. 17. Oplink argues that the cases should be heard together in California because the NDCA action and the April 29 EDTX counterclaim both involve the same transceiver products (SFP, SFP+, and XFP), though they

involve different patents. Its motion has been fully briefed in Texas and awaits an order from that court.

Meanwhile, on May 13, 2011, Oplink filed suit in the instant case, No. 11-2361 EMC, for declaratory judgment of non-infringement of the five Finisar patents at issue in Finisar's EDTX counterclaim. Oplink did not include these declaratory judgment claims in its May 12, 2011 answer to Finisar's infringement claims in the Texas litigation. Pending before the Court is Finisar's motion to dismiss this declaratory judgment action under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 7.

### III. DISCUSSION

Finisar argues that Oplink's declaratory judgment claims are precluded because Oplink was bound to assert them as compulsory counterclaims in the Texas litigation between the parties. Finisar contends that when Oplink filed its answer in that litigation without the declaratory judgment counterclaims, it cannot make those claims the basis of the new action. Oplink argues in response that it is not barred from raising these claims because the Texas litigation is still pending.

Rule 13(a)(1) of the Federal Rules of Civil Procedure requires a pleading to "state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Both parties acknowledge that a declaratory judgment claim of non-infringement is a compulsory counterclaim to a claim of infringement of the same patent. *See* Mot. to Dismiss, Docket No. 7, at 2; Opp., Docket No. 11, at 4; *Cf. Polymer Indus. Prod. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003) ("Rule 13(a) makes an infringement counterclaim to a declaratory judgment action for noninfringement compulsory."); *Vivid Tech., Inc. v. Am. Sci. & Eng., Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999) ("[W]hen the same patent is at issue in an action for declaration of non-infringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived."); 6 C. Wright, A. Miller & M. Kane, Fed. Prac. & Proc. § 1410, at 73 (2d ed. 1990) ("Any counterclaim involving the same patent as involved in the original action usually is considered to arise from the same transaction as the main claim."). The parties also agree

3

that "a party that does not assert its compulsory counterclaim in the first proceeding has waived its right to bring the counterclaim and is forever barred from asserting that claim in future litigation." *Id.*; *Southern Constr. Co., Inc. v. Pickard*, 371 U.S. 57, 60 (1962) ("[Rule 13(a)] was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint."); *see* Mot. at 3; Opp. at 4. However, they disagree over the implications of that general rule.

Finisar contends that since Oplink's answer has already been filed in the Texas litigation, without those claims, the matter is settled and that this suit should be dismissed with prejudice. Oplink's only hope, according to Finisar, is to attempt to amend its answer in the Texas litigation. Reply, Docket No. 12, at 1. Oplink, by contrast, reads Rule 13 to preclude its declaratory judgment claims only if the Texas litigation had proceeded to judgment. Cases have not held dismissal with prejudice is proper in these circumstances when the first action has not reached final judgment. *See Polymer Indus. Prod.*, 347 F.3d at 936-39 (finding that an unasserted compulsory counterclaim from previous, completed litigation is now barred); *Fire King Int'l, LLC v. Corp. Safe Specialists, Inc.*, 2007 WL 4098067 (N.D. Tex. Nov. 16, 2007) at *1 ("dismissal of a claim raised in a subsequent action that should have been raised as a counterclaim in a prior action is appropriate only if the prior action has been concluded at the time the subsequent action is filed"), citing Fed. R. Civ. P. 13, adv. comm. n.7 (1937) ("If the [prior] action proceeds to judgment without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred.").

*Res judicata* does not apply, because "[p]reclusion becomes operative only upon the termination of an action and therefore can have no bearing on the second action . . . since the first suit still is pending." 6 C. Wright, A. Miller & M. Kane, Fed. Prac. & Proc. Civ. § 1418 (3d ed. 2011). Nor does the doctrine of waiver where the first action has not yet reached judgment. *See, e.g.*, *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) ("Nothing in Rule 13 prevents the filing of a duplicative action instead of a compulsory counterclaim.") (citing 6 C. Wright, A. Miller & M. Kane, Fed. Prac. & Proc. § 1418, at 142-43 (2d ed. 1990 & Supp. 1991)). The cases to which Finisar cites to support its waiver argument involve prior completed litigation, rather than simply

unfinished litigation as the case is here. *See, e.g.*, *Polymer Indus. Prod.*, 347 F.3d at 936-39; *Kane v. Magna Mixer Co.*, 71 F.3d 555, 562-63 (6th Cir. 1995). As Wright & Miller explain,

> Although it is well established that a party is barred from suing on a claim that should have been pleaded as a compulsory counterclaim in a prior action, one closely related question remains unsettled. What would prevent a defendant who does not want to assert a claim as a compulsory counterclaim in the opposing party's suit from bringing an independent action on that claim while the first action still is pending? Neither claim preclusion nor waiver or estoppel are appropriate theories for barring a second suit of this type. Notions of waiver or estoppel, rather than being applied more strictly than claim preclusion, often are used to mitigate the possible rigors of res judicata. Thus it would be inappropriate to use these doctrines to bar a counterclaim when *res judicata* would not do so.

6 C. Wright, A. Miller & M. Kane, Fed. Prac. & Proc. Civ. § 1418 (3d ed. 2011). While the prior action remains pending, particularly when there is a pending motion to sever and transfer, there is no basis for finding an intentional relinquishment of Oplink's right to assert the claims herein.

Instead, the Court opts to stay the instant action until the Texas court has ruled on Oplink's motion to sever and transfer. This comports with Rule 13's purpose to ensure judicial economy and protect against inconsistent rulings. *See Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010) ("The purpose of Rule 13(a) is to prevent multiplicity of litigation and to promptly bring about resolution of disputes before the court."); 14D Wright, A. Miller & M. Kane, Fed. Prac. & Proc. Juris. § 3823 (3d ed. 2011) ("When two actions involving nearly identical parties and closely related patent infringement questions are filed in separate districts, which happens with some frequency in contemporary litigation, the general rule is that the case first filed takes priority, and the subsequently filed suit should be dismissed or transferred or stayed."); *see also Intervet, Inc. v. Merial Ltd.*, 535 F. Supp. 2d 112, 114 (D.D.C. 2008); *Deering Milliken, Inc. v. Koratron Co.*, 293 F. Supp. 518, 522 (S.D.N.Y. 1968) (granting defendant's motion to stay declaratory judgment action pending the outcome of litigation in another district court that may have involved the same subject matter).

///

///

///

5

## IV. <u>CONCLUSION</u>

The Court hereby stays the instant action until the Texas court renders its decision. The parties are directed to notify the Court within 14 days of the Texas court's ruling on Oplink's motion to sever and transfer.

IT IS SO ORDERED.

Dated: August 16, 2011

_____
EDWARD M. CHEN
United States District Judge

6